FILED
SUPERIOR COURT
OF GUAM

2026 APR -3 PM 4:51

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATES<br><br>OF<br><br>FRANCIS L. MOYLAN and YUK LAN MOYLAN,<br><br>Decedents. | PROBATE CASE NO. PR0234-22<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Two testamentary instruments are at issue: a handwritten will executed by Francis L. Moylan in 1993 and a formal will executed by his wife, Yuk Lan Moylan, in 2008. Objector asks the Court to set both aside—invoking lack of capacity, undue influence, and alleged defects in execution—largely by pointing to family discord and decades-old guardianship proceedings. But probate litigation is not sustained by suspicion or hindsight disagreement with a testator's decisions. Guam law presumes the validity of duly executed wills, enforces holographic wills that satisfy statutory requirements, and demands clear, competent evidence before a court may disregard testamentary intent. That evidence is absent here. The undisputed record establishes that Francis Moylan's holographic will satisfies 15 GCA § 207, that Yuk Lan Moylan's will was properly executed, and that claims of undue influence and incapacity rest on conjecture rather than proof. Because no genuine dispute of material fact exists, summary judgment is required. Petitioner Lina Leialoha Moylan Alston is represented by Attorney Jacqueline T. Terlaje and Objector Jeffrey S. Moylan is represented by Attorney William B. Pole.

# BACKGROUND

This probate matter concerns the estates of Francis L. Moylan and Yuk Lan Moylan, husband and wife. Francis L. Moylan—also known as "Scotty" Moylan—died on August 24, 2010. Yuk Lan Moylan died on November 20, 2021. Following their deaths, competing filings were made concerning the administration of both estates and the validity of their respective testamentary instruments.

On December 21, 2022, Petitioner Lina Leialoha Moylan Alston ("Petitioner"), the decedents' daughter, filed a Verified Petition for Probate of Will with Will Annexed and Issuance of Letters Testamentary for the Estate of Yuk Lan Moylan and sought letters of administration for the Estate of Francis L. Moylan based on his holographic will dated January 31, 1993. The Verified Petition alleged that Francis Moylan intentionally omitted certain children from his holographic will in favor of his surviving spouse, Yuk Lan Moylan, and that Yuk Lan Moylan later executed a formal Last Will and Testament on March 19, 2008, naming Petitioner as her testamentary appointee.

Richard E. Moylan (Objector), an interested party, filed an Objection on December 23, 2022, followed by an Objection and Will Contest on February 1, 2023, and a Verified Statement and Will Contest on June 14, 2023. Richard contested both the holographic will of Francis Moylan and the 2008 will of Yuk Lan Moylan, asserting claims of lack of capacity, undue influence, and improper execution.

On January 3, 2023, the Court granted the parties time to conduct discovery and ordered that all dispositive motions be filed by March 13, 2024. A hearing on the Verified Petition was held on July 20, 2023. On July 24, 2023, the Court entered an Order After Hearing, admitting the

holographic will to probate and finding that the statutory requirements of 15 GCA § 207 had been satisfied.

The dispute over Yuk Lan Moylan's capacity arises against the backdrop of extensive guardianship litigation spanning more than a decade. In March 2008—the same period in which Yuk Lan Moylan executed her will—the guardianship court initially entered a finding of incompetence. That finding was later reversed. On appeal, the Supreme Court of Guam affirmed the guardianship court's determination that Yuk Lan Moylan possessed the ability to exercise adequate judgment and that, so long as her preferences were reasonable, respecting those preferences was important to her continued well-being. *In re Moylan*, 2011 Guam 16, ¶¶ 8, 22 (Oct. 18, 2011).

On March 13, 2024, Petitioner filed the present Motion for Summary Judgment, seeking dismissal of Richard's will contest and admission of both testamentary instruments to probate. The motion asserts that no genuine dispute of material fact exists as to due execution, testamentary capacity, undue influence, or the validity of Francis Moylan's holographic will, and that the competency issue relating to Yuk Lan Moylan is foreclosed by prior guardianship rulings affirmed on appeal.

The Objector opposed, asserting that genuine disputes remain regarding testamentary capacity, authenticity, undue influence, and the effect of the prior guardianship proceedings. The court subsequently entered an order finding good cause that Jeffrey S. Moylan (Objector) shall be substituted as Plaintiff in this matter in place of Richard E. Moylan. The summary judgment motion is now fully briefed and before the court for resolution.

## DISCUSSION

The Court begins by explaining why both wills are entitled to a presumption of valid execution under Guam law and why Objector has failed to rebut that presumption with competent evidence. It then addresses the validity of Francis L. Moylan's holographic will under 15 GCA § 207 and concludes that the undisputed record satisfies the statute as a matter of law. Next, the Court considers Objector's undue-influence claims and explains why they fall short of the strict statutory standard governing such challenges. The Court then turns to Objector's competency argument, explaining why the prior guardianship proceedings—rather than undermining Yuk Lan Moylan's will—foreclose the assertion that she lacked testamentary capacity when she executed it. Finally, applying Guam's summary-judgment standard, the Court concludes that no genuine dispute of material fact exists and that Petitioners are entitled to judgment as a matter of law.

### I.     The Wills Are Presumed Validly Executed Under Guam Law

Guam law favors the validity of testamentary instruments and recognizes a presumption of due execution once a will appears on its face to comply with statutory requirements. *In re Estate of Hemlani*, 2008 Guam 25 ¶ 10–11 (May 5, 2007). Proof of the genuineness of the testator's signature—and, where applicable, compliance with statutory execution requirements—establishes a prima facie case that the will was validly executed, shifting the burden to the contestant to produce clear and convincing evidence of invalidity. *Id.* In *Hemlani*, the Guam Supreme Court affirmed admission of a contested will where the probate court relied on the totality of the circumstances, rejecting arguments that technical deficiencies or conflicting testimony defeated execution. *Id.* at 55. Once due execution is shown, speculative attacks,

disagreement with the dispositive scheme, or conjecture regarding the testator's intent are insufficient to overcome the presumption. *Id.*

Those principles apply with here—to both the will of Francis L. Moylan and the will of Yuk Lan Moylan. As to Francis L. Moylan, the record establishes that the proffered will bears his handwritten signature and reflects testamentary intent on its face. Nothing in the record suggests forgery, mechanical authorship, or third-party alteration. The same presumption attaches independently to Yuk Lan Moylan's will. The Objector's challenge to Yuk Lan Moylan's will does not rest on evidence that statutory execution requirements were unmet, but instead on generalized assertions questioning the circumstances surrounding the will and its ultimate dispositions. Guam law does not permit such conjecture to defeat a will. Once a will is facially valid and signed by the testator, it is presumed duly executed. Where, as here, both wills independently satisfy Guam's execution requirements and are supported by the presumption of due execution, the burden rests squarely on the Objector to come forward with evidence sufficient to create a triable issue of fact. The Objector has failed to meet that burden as to either will. Unsupported allegations, hindsight disagreement with testamentary choices, and speculative theories do not constitute evidence capable of rebutting the presumption recognized by Guam law.

Because no genuine dispute of material fact exists regarding due execution of either will, summary judgment is appropriate.

## II. The Holographic Will Satisfies the Requirements of 15 GCA § 207 and Is Valid as a Matter of Law

Guam law expressly recognizes holographic wills. 15 GCA § 207 provides that a will is valid if the signature and written, dated and signed by the hand of the testator himself. The statute's Commentary confirms that this provision was intended to relax formal execution requirements and to uphold testamentary intent where authenticity is not in doubt, even in the absence of witnesses, attestation clauses, or strict compliance with formalities required of attested wills. The Commentary further explains that the purpose of § 207 is to avoid defeating a testator's intent through technicalities and to validate handwritten testamentary instruments where authorship and intent can be reliably ascertained. Guam's Legislature thus chose substance over form—favoring enforcement where the document itself provides sufficient indicia of genuineness. This approach aligns with persuasive authority emphasizing substance over form in evaluating holographic wills. Courts are to assess authorship, authenticity, and testamentary intent, and to favor validity where those elements are present, even if the document's format or signature placement is unconventional. *Estate of Williams*, 155 Cal. App. 4th 197, 206 (Ct. App. 2007). The purpose of the statute is to prevent fraud, not to defeat intent through technical rigidity. *Id*

Here, the undisputed evidence satisfies both the statute and its Commentary. The will is entirely in the testator's handwriting, bears the testator's signature, and clearly expresses testamentary intent. Objectors have not put forth evidence to dispute authorship or authenticity.

Absent evidence calling into question handwriting, signature, or intent, the Court will not invalidate a holographic will.

Accordingly, the holographic will is valid as a matter of law.

## III.    Objector Failed to Establish Undue Influence

Guam's statute defines undue influence narrowly—requiring proof of (1) abuse of reposed confidence or authority to obtain an unfair advantage, (2) an unfair advantage taken of weakness of mind, or (3) a grossly oppressive and unfair advantage taken of necessity or distress. 18 GCA § 85311; *Hannah v. Guerrero*, 2020 Guam 15, ¶ 17 (Aug. 19, 2000). And while a presumption may arise in the presence of a fiduciary or confidential relationship, that presumption is triggered only when the relationship (and the predicate facts for the presumption) are established by clear and convincing evidence—not by inference piled on inference. *Id.* 24–30.

The Objector does not meet that standard. At most, Objector points to circumstances (family dynamics, caregiving, and generalized assertions of "influence") and asks the Court to infer coercion. But *Hannah* rejects that approach: undue influence is not established by mere suspicion, and the heightened burden exists precisely to protect a person's right to dispose of property without having their intent undone by conjecture. Here, Objector identifies no evidence that any proponent used a position of confidence or authority to obtain an unfair advantage, took advantage of a weakness of mind, or exploited necessity or distress.

The Court finds that Objector failed to establish undue influence.

## IV.    The Supreme Court's Guardianship Decision Undercuts Objector's Competency Argument.

Objector's principal remaining challenge to Yuk Lan Moylan's will is that she lacked testamentary capacity when she executed her March 19, 2008 will. But the record that Objector relies on to imply incapacity (the guardianship proceedings) actually points the other direction:

the guardianship court's initial incompetency determination was later modified, and the Supreme Court affirmed a framework that preserved Mrs. Moylan's autonomy to the greatest extent possible.

In the consolidated guardianship proceedings, the trial court initially declared Mrs. Moylan incompetent in an order appointing temporary guardians. *In re Guardianships of Moylan,* 2011 Guam 16, ¶ 22. But after extensive evidentiary hearings and updated expert assessments, the trial court expressly revised that initial determination, stating its March 21, 2008 decision "declaring [Mrs.] Moylan incompetent is modified." *Id.* The modification rested on intervening evidence that Mrs. Moylan's functioning had improved with treatment. The Supreme Court noted that Dr. Claire Ashe's later evaluation reflected that Mrs. Moylan could "retain more information than previously noted" and should be afforded more autonomy than originally recommended. *Id.* The trial court also relied on the court-appointed psychologist's updated assessment supporting that Mrs. Moylan "appears to have the ability to exercise adequate judgment for the most part," with "relatively intact" cognitive functioning. *Id.* From those findings, the trial court implemented a limited guardianship structure that protected Mrs. Moylan while preserving significant personal decision-making and autonomy. *Id.* at 22–25.

Those holdings matter here. Objector offers no competent evidence that creates a triable dispute that, despite these judicial findings and affirmed expert assessments, Mrs. Moylan lacked the minimal capacity required to execute a will on March 19, 2008. On this record—where the Supreme Court affirmed findings that Mrs. Moylan retained meaningful cognitive functioning and the ability to exercise adequate judgment—Objector's competency argument does not present a genuine issue for trial and cannot defeat summary judgment.

## V.    Summary Judgment Is Appropriate.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hawaiian Rock Prods. v. Ocean Hous., Inc.*, 2016 Guam 4, ¶ 26. A genuine dispute exists only when there is sufficient evidence establishing a factual conflict requiring resolution by a fact-finder, and the dispute must concern a material fact—one relevant to an element of a claim or defense whose existence might affect the outcome. *Id.* The Court must view the evidence and draw reasonable inferences in the light most favorable to the non-movant. *Id.* at 27.

Applying that standard here, Petitioners have carried their burden and Objector has not identified evidence creating a genuine dispute of material fact. As discussed above, the wills are presumed duly executed under Guam law, and Objector has not produced evidence sufficient to rebut that presumption. The holographic will satisfies 15 GCA § 207 as a matter of law. Objector has also failed to establish undue influence under the strict statutory standard, which requires more than suspicion or generalized assertions.

And as to capacity, the guardianship record does not create a triable dispute. The Supreme Court affirmed that the guardianship court modified its earlier incompetency determination after later expert assessments showed improved functioning and that Mrs. Moylan "appears to have the ability to exercise adequate judgment for the most part," warranting a limited guardianship designed to preserve autonomy. Objector offers no admissible evidence that

would allow a reasonable fact-finder to conclude that Mrs. Moylan nevertheless lacked the minimal capacity required to execute her will on March 19, 2008.

Because Objector's opposition rests on conjecture, recharacterization of the guardianship proceedings, and disagreement with the testamentary dispositions—rather than evidence creating a genuine dispute of material fact—summary judgment is appropriate.

**CONCLUSION**

Petitioner's Motion for Summary Judgment is therefore **GRANTED.**

IT IS SO ORDERED ___APR 0 3 2026___

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

_STEPHAN: W. Pole_

APR 3 2026
Edna M. Nego ___4:56 pm___

_____
Deputy Clerk, Superior Court of Guam